IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VACHO SHAHEN <br>     **Plaintiff** <br><br> v. <br><br> UNITED STATES OF AMERICA <br>  and <br> WARDEN SEAN MARLER <br>  and <br> ASSOCIATE WARDEN PETE LAWRIE <br>  and <br> FEDERAL BUREAU OF PRISONS <br> EMPLOYEES JOHN DOE 1 – 99 <br>  And <br> CORRECTIONAL OFFICERS <br> JOHN DOE 1 – 99 <br> PHILADELPHIA, PA 19102 | CIVIL ACTION <br><br> No. <br><br> JURY TRIAL DEMANDED |

### CIVIL COMPLAINT

#### I. Introduction

1. This is an action for damages sustained by Plaintiff, Vacho Shahen, as a direct and proximate result of the acts and omissions committed by the Defendants named herein in violation of his constitutional rights under the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and as a direct and proximate result of the intentional, reckless, negligent, and wrongful acts and omissions committed by the Defendants named herein. In addition to his Constitutional Claims, Plaintiff also asserts claims against the United States for failing to protect him from two assaults, pursuant to the Federal Tort Claims Act.

## II. Jurisdiction and Venue

2. This court has jurisdiction over claims brought under § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction to grant relief in this action pursuant to 28 U.S.C. § 1346, as Plaintiffs bring claims under the Federal Tort Claims Act.

3. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, within Philadelphia County, which is in the Eastern District of Pennsylvania.

4. Plaintiffs filed an administrative complaint with the Bureau of Prisons ("BOP") related to his injuries sustained on March 24, 2019.

5. On January 4, 2021, in a letter from Darrin Howard, Esquire, the BOP denied Plaintiff's claim.

6. The instant suit is timely filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

## III. Parties

7. Plaintiff, Vacho Shahen, is an adult individual presently residing at the Metropolitan Detention Center in Los Angeles, California, having been transferred there from the Federal Detention Center in Philadelphia ("FDC Philadelphia"), by way of the Federal Transfer Center in Oklahoma City, Oklahoma.

8. At all relevant times herein, Plaintiff was a pre-trial detainee awaiting trial at FDC Philadelphia.

9. Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99 are adult individuals and at all relevant times, agents, servants, and employees of BOP and/or FDC

Philadelphia acting within the course and scope of their authority as agents, servants, and employees of BOP and/or FDC Philadelphia.

10. Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99, as agents, servants, and employees of BOP and/or FDC Philadelphia, are and were at all relevant times, responsible for the treatment, protection, and medical care of prisoners and pre-trial detainees.

11. Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99 as agents, servants, and employees of BOP and/or FDC Philadelphia, are and were at all relevant times required to respect and comply with the Constitutional rights of all federal prisoners and pre-trial detainees, as well as BOP and FDC Philadelphia rules, regulations, and other mandated duties.

12. Additionally, Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99 as agents, servants, and employees of BOP and/or FDC Philadelphia at all relevant times, are and were responsible for the supervision, direction, and control of other employees at BOP and/or FDC Philadelphia.

13. Upon information and belief, Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99 deprived Plaintiff Shahen of his constitutional rights under the Fifth/Fourteenth Amendments and were intentional, reckless, and/or negligent and

wrongful in their acts and omissions towards Plaintiff and are being sued in their individual capacities.

14. Defendant the United States of America is a sovereign entity, generally immune from suit. However, the United States of America has partially waived its sovereign immunity under the FTCA. Pursuant to the FTCA, the United States of America is liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. All employees of BOP and/or FDC Philadelphia are the agents, servants, and/or employees of the United States of America.

15. Defendant United States of America will herein be referred to as captioned.

16. Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99 are herein referred to collectively as Defendants.

### IV. Operative Facts

17. Between his arrest on February 12, 2018 and his transfer to the Federal Transfer Center in Oklahoma City, OK, at all relevant times, Plaintiff Shahen was a non-violent pre-trial detainee, awaiting trial on a white-collar criminal case.

18. On or about March 24, 2019, Plaintiff was eating a bowl of cereal in the common are of Cellblock 5, when he was approached by an unknow inmate.

19. Sometime between 1300 – 1330 an unknown inmate disagreed with Plaintiff Shahen's choice of television programs.

4

20. This inmate along with another inmate threatened Plaintiff Shahen, and then without provocation proceeded to punch Plaintiff in the head.

21. This assault took place in full view of nearby corrections officers.

22. The parties were quickly separated and told to "quash whatever beef they may have."

23. Upon separation, and in full view and earshot of the corrections officers, the unknown inmate invited Plaintiff to his cell block to "discuss" the situation, which Plaintiff declined.

24. This unknown inmate was taken to an unknown area within cellblock 5.

25. Plaintiff resumed eating his cereal and watching television.

26. At this point, the same corrections officer that witnessed and broke up the assault on Plaintiff informed Plaintiff that the incident was caught on video and that the supervisor was coming to the cellblock to discuss the incident.

27. Soon after, the unknown inmate returned to the common area in cellblock 5.

28. Soon after his return, this unknown inmate, along with two of his compatriots, again proceeded to violently attack Plaintiff.

29. Upon information and belief, both incidents were caught on video.

30. As a result of the vicious attacks of March 24, 2019, Plaintiff needlessly suffered both physical and psychological symptoms including without limitation, Fracture of his nose and eye, TMJ, Lacerations, Concussion, Insomnia, Depression, and Anxiety.

31. Plaintiff will require medical treatment for his physical, mental, emotional, and psychological injuries for the foreseeable future.

32. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Plaintiff Shahen was caused to sustain and will continue to suffer from serious physical injuries, including without limitation:

    a. A left maxillary sinus comminuted fracture of the posterior and anterior tables;

    b. A fracture of his left orbital floor;

    c. An acute bilateral Temporomandibular Joint, or TMJ, injury;

    d. Two significant head lacerations requiring six (6) staples;

    e. Lacerations near his eye requiring stitches;

    f. Concussion;

    g. Blurry Vision; Headaches;

    h. Two black eyes;

    i. Insomnia;

    j. Depression; and

    k. Fear and Anxiety regarding his safety.

33. Defendants, with first-hand knowledge of the violent threats made against Plaintiff and the substantial risk of serious harm faced by Plaintiff at the hands of this unknow inmate and his associates, intentionally, with deliberate indifference, recklessly, and/or negligently failed to transfer Plaintiff Shahen and/or the unknown inmate(s) from cellblock 5 and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

34. Defendants intentionally and/or recklessly disregarded the substantial risk of serious harm faced by Plaintiff Shahen, in remaining in close proximity to his assailant, acted

with deliberate indifference to Plaintiff's health and safety and presented a substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

35. Upon information and belief, the BOP had a standard, mandatory policy, known to the Defendants, that when an inmate at the FDC informed BOP personnel that he had been threatened by another inmate with physical attack or the attack was witnessed by BOP personnel, the aggressor was to be separated from the inmate who made the threat(s), at least until the allegation and/or threats had been properly and thoroughly investigated.

36. Defendants and other correctional officers assigned to cellblock 5 violated this mandatory, non-discretionary policy of the BOP and FDC when, on March 24, 2019, Defendants allowed the Plaintiff to remain in the common area with his assailant and the assailant's associates, after Plaintiff warned the Defendants, or the Defendants otherwise learned, that this inmate(s) had threatened and assaulted him.

## COUNT I
## FEDERAL CONSTITUTIONAL CLAIM – FAILURE TO PROTECT
## PLAINTIFF VACHO SHAHEN v. DEFENDANTS

37. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

38. Defendants knew of the substantial risk of serious harm faced by Plaintiff and failed to take required actions for his safety and well-being.

39. Defendants acted with intent to harm Plaintiff, deliberate indifference to Plaintiff's health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff by not separating Plaintiff from his assailants.

40. Defendants acted with intent to harm Plaintiff, were deliberately indifferent to Plaintiff's health and safety, and/or recklessly disregarded the substantial risk of serious harm to

Plaintiff by placing and/or keeping Plaintiff in a position of danger as a result of which he was physically assaulted and severely beaten.

41. Despite Defendants' knowledge of the substantial risk of serious harm faced by Plaintiff in remaining on cellblock 5 and/or returning his assailant to cellblock 5, Defendants with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff, failed to transfer him and/or his assailant(s) from cellblock 5, and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

42. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth/Fourteenth Amendments to the United States Constitution, on March 24, 2019, Plaintiff Shahen was brutally attacked by multiple inmates.

43. Defendants intentionally and/or recklessly failed to prevent, stop, or effectively intervene in the March 24, 2021 attack by Plaintiff's fellow cellblock 5 inmates, which they initially witnessed and intervened, and thereby acted with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

44. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth/Fourteenth Amendments to the United

States Constitution, Plaintiff suffered, and will continue to suffer from, severe, and permanent physical, mental, emotional, and psychological injuries, as specifically enumerated above.

45. The actions and omissions of Defendants were intentional, deliberate, knowing, willful, wanton, malicious, and outrageous, shock the conscience, and were performed with the specific intent of harming Plaintiff, in reckless disregard of the substantial risk of serious harm faced by Plaintiff, and in deliberate indifference to his health and safety, in violation of Plaintiff's substantive due process rights under the Fifth/Fourteenth Amendments to the United States Constitution, thereby entitling Plaintiff to an award of punitive damages.

### COUNT II
### FEDERAL CONSTITUTIONAL CLAIM - SUPERVISOR LIABILITY
### PLAINTIFF VACHO SHAHEN v. DEFENDANTS SUPERVISORY JOHN DOES

46. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

47. Defendants were present on scene as Senior Members of BOP and/or FDC Philadelphia.

48. Defendants present as senior and/or supervisory members of BOP and/or FDC Philadelphia, participated in violating, directed others to violate, and/or had knowledge of and acquiesced in the other members of the BOP and/or FDC Philadelphia violations of the Plaintiffs' Fifth/Fourteenth Amendments substantive due process rights.

49. Supervisory Defendants, maliciously, intentionally, and/or recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

50. The above-described actions of the Supervisory Defendants, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to the Plaintiff's rights and well-being.

## COUNT III
## FEDERAL CONSTITUTIONAL CLAIM - BYSTANDER LIABILITY
## PLAINTIFF VACHO SHAHEN v. DEFENDANTS JOHN DOES

51. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

52. Defendants were present when the Plaintiff's Fifth/Fourteenth Amendments rights were being violated and had a duty to stop the unconstitutional failure to protect Plaintiff, by other members of BOP and/or FDC Philadelphia.

53. Defendants knew or had reason to know that the Plaintiff's Fifth/Fourteenth Amendments substantive due process rights were being violated, and had a realistic opportunity to intervene and prevent the violation of his rights and resulting harm from occurring, but failed to do so.

54. The above-described actions of the Defendants, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

## COUNT IV
## COMMON LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF VACHO SHAHEN v. DEFENDANTS

55. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

56. The actions of Defendants in their failure to protect Plaintiff from a repeated assault by fellow inmates, were outrageous and extreme. Defendants acted intentionally or recklessly, and their actions caused Plaintiff severe emotional distress that manifested itself in physical symptoms.

57. The actions of the Defendants constituted the tort of Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania.

58. Under the common law, Defendants are liable for these actions.

## COUNT V
## COMMON LAW – NEGLIGENCE PLAINTIFF - VACHO SHAHEN v. DEFENDANTS

59. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

60. Defendants owed a duty of care to keep Plaintiff Shahen safe from attacks by other inmates. Their actions as described above violated that duty of care and were a direct and proximate cause and a substantial factor in Plaintiff's injuries as described above.

61. Defendants' actions constituted the tort of negligence under the laws of the Commonwealth of Pennsylvania.

62. Under the common law, Defendants are liable for these actions.

## COUNT VI
## FEDERAL TORT CLAIMS ACT – NEGLIGENCE – FAILURE TO PROTECT FROM ASSAULT - PLAINTIFF VACHO SHAHEN v. UNITED STATES OF AMERICA

63. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

64. Pursuant to the express terms of 28 U.S.C. § 1346(b), the FTCA, the United States is liable for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

65. Under the law of the Commonwealth of Pennsylvania, an individual is liable for negligence if he or she breaches a legally recognized obligation or duty that is causally

connected to the damages suffered by the complainant. *Bill-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005).

66. Defendants were at all times herein relevant agents, servants, and employees of BOP and/or FDC Philadelphia acting within the course and scope of their authority as agents, servants, and employees of BOP and/or FDC Philadelphia.

67. The United States of America, BOP, FDC Philadelphia, and all employees of BOP, and/or FDC Philadelphia have a duty under 18 U.S.C. § 4042 to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States."

68. Upon information and belief, correctional officers failed to adhere to BOP non-discretionary policy regarding threats and assaults made upon inmates from other inmates.

69. Plaintiff Shahen's injuries from this assault are a direct and proximate result of Defendants' failure to follow established non-discretionary FDC policy.

70. As a result of the March 24, 2019 assault, Plaintiff suffered, and will continue to suffer from, serious physical injuries, including, without limitation, scars on his head, possibly permanent damage to his jaw, and chronic pain, as well as severe mental, emotional, and psychological injuries, as specifically enumerated above.

### COUNT VII
### FEDERAL TORT CLAIMS ACT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - PLAINTIFF VACHO SHAHEN v. UNITED STATES OF AMERICA

71. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

72. The actions of Defendants in their failure to protect Plaintiff from a repeated assault by fellow inmate(s), were outrageous and extreme. Defendants acted intentionally or

Case 2:21-cv-01397-WB   Document 1   Filed 03/24/21   Page 13 of 13

recklessly, and their actions caused Plaintiff severe emotional distress that manifested itself in physical symptoms.

73. The actions of the Defendants, John Doe United States Marshals constituted the tort of Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania.

74. Under the FTCA, Defendant United States of America is liable for these actions.

**WHEREFORE**, Plaintiff Vacho Shahen respectfully requests:

    A. Compensatory damages as to all Defendants;

    B. Punitive damages as to Defendants, Warden Sean Marler, Associate Warden Pete Lawrie, Federal Bureau of Prisons Employees John Doe 1-99, and Correctional Officers John Doe 1-99;

    C. Reasonable attorney's fees and costs as to all Defendants;

    D. Such other and further relief as may appear just and appropriate.

Plaintiffs hereby demand a jury trial as to the claims asserted in Counts I-VI.

/s/ Alan E. Denenberg
Alan E. Denenberg
PA ID No. 54161
adenenberg@adlawfirm.com

Vazken A.E. Zerounian
PA ID No. 308846
vazken@adlawfirm.com

Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
215.546.1345
*Counsel for Plaintiffs*