**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VACHO SHAHEN** : | |
|         **Plaintiff** : | |
|                           : | |
|         **v.** : | |
|                           : | |
| **UNITED STATES OF AMERICA** : | |
|         **and** : | **CIVIL ACTION** |
| **SPECIAL INVESTIGATIVE SERVICES** : | |
| **TECHNICIAN WILLIAM BRANDT** : | **No. 2:21-cv-01397** |
|         **And** : | |
| **MATERIAL HANDLER SUPERVISOR** : | |
| **TROY DANIELS** : | |
|         **And** : | |
| **HUMAN RESOURCE SPECIALIST** : | |
| **MICHAEL PLISAK** : | |
|         **And** : | |
| **FEDERAL BUREAU OF PRISONS** : | |
| **EMPLOYEES JOHN DOE 1 – 96** : | |
|         **and** : | |
| **CORRECTIONAL OFFICERS** : | |
| **JOHN DOE 1 – 96** : | |
|                           : | |

**AMENDED COMPLAINT**

## I.   Introduction

1.   This is an action for damages sustained by Plaintiff, Vacho Shahen, as a direct and

proximate result of the acts and omissions committed by the Defendants named herein in

violation of his constitutional rights under the Fifth Amendment and Due Process Clause

to the United States Constitution and as a direct and proximate result of the intentional,

reckless, negligent, and wrongful acts and omissions committed by the Defendants named

herein.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, within Philadelphia County, which is in the Eastern District of Pennsylvania.

4. Plaintiff has exhausted his administrative remedies to the relevant claims set forth herein in accordance with the Prison Litigation Reform Act and the applicable interpreting case law.

## III. Parties

5. Plaintiff, Vacho Shahen, is an adult individual presently residing at the Metropolitan Detention Center in Los Angeles, California, having been transferred there from the Federal Detention Center in Philadelphia ("FDC Philadelphia"), by way of the Federal Transfer Center in Oklahoma City, Oklahoma.

6. At all relevant times herein, Plaintiff was a pre-trial detainee awaiting trial at FDC Philadelphia.

7. Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96 are adult individuals and at all relevant times were agents, servants, and employees of BOP and/or FDC Philadelphia acting within the course and scope of their authority as agents, servants, and employees of BOP and/or FDC Philadelphia.

8. Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96, as agents, servants,

2

and employees of BOP and/or FDC Philadelphia, are and were at all relevant times, responsible for the protection of prisoners and pre-trial detainees.

9. Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96, as agents, servants, and employees of BOP and/or FDC Philadelphia, are and were at all relevant times required to respect and comply with the Constitutional rights of all federal prisoners and pre-trial detainees, as well as BOP and FDC Philadelphia rules, regulations, and other mandated duties.

10. Additionally, Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96, as agents, servants, and employees of BOP and/or FDC Philadelphia at all relevant times, are and were responsible for the supervision, direction, and control of all inmates and/or other employees at BOP and/or FDC Philadelphia.

11. Upon information and belief, Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96, deprived Plaintiff Shahen of his constitutional rights Fifth Amendment and were intentional, reckless, and/or negligent and wrongful in their acts and omissions towards Plaintiff and are being sued in their individual capacities.

12. Defendants, William Brandt, Troy Daniels, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and Correctional Officers John Doe 1-96 are herein referred to collectively as Defendants.

## IV. Operative Facts

13. Between his arrest on February 12, 2018, and his transfer to the Federal Transfer Center in Oklahoma City, OK, at all relevant times, Plaintiff Shahen was a non-violent pre-trial detainee, awaiting trial on a white-collar criminal case.

14. On or about March 24, 2019, Plaintiff was eating a bowl of cereal in the common are of Cellblock 5 North, when he was approached by an unknow inmate.

15. Sometime between 1300 – 1330 a then unknown inmate disagreed with Plaintiff Shahen's choice of television programs.

16. This inmate along with another inmate threatened Plaintiff Shahen, and then without provocation proceeded to punch Plaintiff in the head.

17. This assault took place in full view of nearby corrections officers.

18. The parties were separated and told to "quash whatever beef they may have."

19. Upon separation, and in full view and earshot of the corrections officers, the unknown inmate invited Plaintiff to his cell block to "discuss" the situation, which Plaintiff declined.

20. It is believed that this unknown inmate was taken to an unknown area within cellblock 5 North.

21. Plaintiff resumed eating his cereal and watching television.

22. At this point, the same corrections officer that witnessed and broke up the assault on Plaintiff informed Plaintiff that the incident was caught on video and that the supervisor was coming to the cellblock to discuss the incident.

23. Soon after, the unknown inmate returned to the common area in cellblock 5 North.

24. Soon after his return, this unknown inmate, along with two of his compatriots, again proceeded to violently attack Plaintiff.

4

25. Upon information and belief, both incidents were caught on video.

26. As a result of the vicious attacks of March 24, 2019, Plaintiff needlessly suffered both physical and psychological symptoms including without limitation, Fracture of his nose and eye, TMJ, Lacerations, Concussion, Insomnia, Depression, and Anxiety.

27. Plaintiff will require medical treatment for his physical, mental, emotional, and psychological injuries for the foreseeable future.

28. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Plaintiff Shahen was caused to sustain and will continue to suffer from serious physical injuries, including without limitation:

    a. A left maxillary sinus comminuted fracture of the posterior and anterior tables;

    b. A fracture of his left orbital floor;

    c. An acute bilateral Temporomandibular Joint, or TMJ, injury;

    d. Two significant head lacerations requiring six (6) staples;

    e. Lacerations near his eye requiring stitches;

    f. Concussion;

    g. Blurry Vision; Headaches;

    h. Two black eyes;

    i. Insomnia;

    j. Depression; and

    k. Fear and Anxiety regarding his safety.

29. Defendants, with first-hand knowledge of the violent threats made against Plaintiff and the substantial risk of serious harm faced by Plaintiff at the hands of this unknow inmate and his associates, intentionally, with deliberate indifference, recklessly, and/or negligently

failed to transfer Plaintiff Shahen and/or the unknown inmate(s) from cellblock 5 North and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

30. Defendants intentionally and/or recklessly disregarded the substantial risk of serious harm faced by Plaintiff Shahen, in remaining in close proximity to his assailant, acted with deliberate indifference to Plaintiff's health and safety and presented a substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

31. Upon information and belief, the BOP had a standard, mandatory policy, known to the Defendants, that when an inmate at the FDC informed BOP personnel that he had been threatened by another inmate with physical attack or the attack was witnessed by BOP personnel, the aggressor was to be separated from the inmate who made the threat(s), at least until the allegation and/or threats had been properly and thoroughly investigated.

32. Defendants and other correctional officers assigned to cellblock 5 North violated this mandatory, non-discretionary policy of the BOP and FDC when, on March 24, 2019, Defendants allowed Plaintiff to remain in the common area with his assailant and the assailant's associates, after Plaintiff warned Defendants, or Defendants otherwise learned, that this inmate(s) had threatened and assaulted Plaintiff.

**COUNT I**
**FEDERAL CONSTITUTIONAL CLAIM – FAILURE TO PROTECT AND/OR**
**INTERVENE PLAINTIFF VACHO SHAHEN v. DEFENDANTS**

33. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

34. Defendants knew of the substantial risk of serious harm faced by Plaintiff and failed to take required actions for his safety and well-being.

6

35. Defendants acted with intent to allow Plaintiff to be harmed, deliberate indifference to Plaintiff's health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff by not separating Plaintiff from his assailants.

36. Defendants acted with intent to allow Plaintiff to be harmed, were deliberately indifferent to Plaintiff's health and safety, and/or recklessly disregarded the substantial risk of serious harm to Plaintiff by placing and/or keeping Plaintiff in a position of danger as a result of which he was physically assaulted and severely beaten.

37. Despite Defendants' knowledge of the substantial risk of serious harm faced by Plaintiff in remaining on Cellblock 5 North and/or returning his assailant to Cellblock 5 North, Defendants with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff, failed to transfer him and/or his assailant(s) from Cellblock 5 North, and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

38. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, on March 24, 2019, Plaintiff Shahen was brutally attacked by multiple inmates.

39. Defendants intentionally and/or recklessly failed to prevent, stop, or effectively intervene in the March 24, 2019, attack by Plaintiff's fellow Cellblock 5 North inmates, which Defendants initially witnessed and intervened, and thereby acted with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

40. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, Plaintiff suffered, and will continue to suffer from, severe, and permanent physical, mental, emotional, and psychological injuries, as specifically enumerated above.

41. The actions and omissions of Defendants were intentional, deliberate, knowing, willful, wanton, malicious, and outrageous, shock the conscience, and were performed with the specific intent of allowing Plaintiff to be harmed, in reckless disregard of the substantial risk of serious harm faced by Plaintiff, and in deliberate indifference to his health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, thereby entitling Plaintiff to an award of punitive damages.

**COUNT II**
**FEDERAL CONSTITUTIONAL CLAIM - SUPERVISOR LIABILITY**
**PLAINTIFF VACHO SHAHEN v. DEFENDANTS WILLIAM BRANDT, MICHAEL PLISAK, FEDERAL BUREAU OF PRISONS EMPLOYEES JOHN DOE 1-96, AND/OR CORRECTIONAL OFFICERS JOHN DOE 1-96**

42. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

43. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, were present on scene as Senior Members of BOP and/or FDC Philadelphia.

44. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, were aware that other inmates threatened

8

and/or attacked Plaintiff, and that correctional officers under their supervision had responded to the situation.

45. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, became aware that the correctional officers under their supervision failed to adequately respond to the attack on Plaintiff by the other inmates.

46. Plaintiff sustained further injuries due to the inadequate response by correctional officers under the supervision of Defendants William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96.

47. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their supervision to ensure those officers prevent inmates from threatening and/or assaulting other inmates, and/or from instigating inmate-on-inmate violence.

48. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their direction and control to ensure those officers appropriately intervene and/or deescalate a situation where inmates threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence.

49. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their

direction and control to ensure those officers properly respond when inmates threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence, as it occurs to prevent further harm.

50. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their direction and control to ensure those officers properly separate and apprehend inmates who threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence.

51. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to prevent inmates from threatening and/or assaulting other inmates, and/or initiating inmate-on-inmate violence.

52. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to investigate possible/known criminal affiliations among inmates.

53. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to prevent inmates with possible/known criminal affiliations from congregating in common areas within the prison.

54. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to allow inmates with possible/known criminal affiliations to congregate with the intent to commit criminal acts, specifically threatening and/or assaulting other inmates, and/or instigating inmate-on-inmate violence.

55. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to intervene in/deescalate inmates' threats towards and/or assaults on other inmates, and/or intervene in/deescalate inmate-on-inmate violence effectively and immediately.

56. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to respond to inmates' threats towards and/or assaults on other inmates, and/or to respond to inmate-on-inmate violence, as it occurs to prevent further harm.

57. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to immediately separate and apprehend inmates who threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence, to prevent further harm.

58. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, directed correctional officers under their control to engage in conduct that violated Plaintiff's federal constitutional rights.

59. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, knew, or reasonable should have known, that the actions of the correctional officers under their direction and control violated Plaintiff's federal constitutional rights.

60. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, caused the above-described conduct when the correctional officers under their direction and control violated Plaintiff's federal constitutional rights.

61. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, acquiesced the above-described conduct because the Supervisory Defendants had authority over the correctional officers under their direction and control, and had actual knowledge that the correctional officers under their supervision, direction, and control violated Plaintiff's federal constitutional rights.

62. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, with deliberate indifference to the consequences, established the above-described trainings, supervision, disciplinary actions, policies, procedures,

practices, and/or customs which directly caused the conduct which violated Plaintiff's federal constitutional rights.

63. Defendants, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, should have maintained, adopted, enforced, and/or followed the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs to prevent the occurrence of the above-described conduct which violated Plaintiff's federal constitutional rights.

64. The Supervisory Defendants failed to maintain, adopt, enforce, and/or follow the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs which created an unreasonable risk of the above-described conduct.

65. The Supervisory Defendants were aware that this unreasonable risk existed.

66. The Supervisory Defendants were deliberately indifferent to that risk.

67. The correctional officers' above-described action resulted from the Supervisory Defendants' failure to maintain, adopt, enforce, and/or follow the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs to prevent the unreasonable risk.

68. The Supervisory Defendants maliciously, intentionally, and/or recklessly, and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

69. The above-described actions of the Supervisory Defendants, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being.

13

**COUNT III**
**FEDERAL CONSTITUTIONAL CLAIM - BYSTANDER LIABILITY**
**PLAINTIFF VACHO SHAHEN v. DEFENDANTS WILLIAM BRANDT, MICHAEL**
**PLISAK, TROY DANIELS, FEDERAL BUREAU OF PRISONS EMPLOYEES JOHN**
**DOE 1-96, AND/OR CORRECTIONAL OFFICERS JOHN DOE 1-96**

70. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

71. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, were present when Plaintiff's federal constitutional rights were being violated.

72. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, had a duty to intervene and protect Plaintiff and his federal constitutional rights, but failed to do so.

73. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, had a duty to intervene and protect Plaintiff and his federal constitutional rights, but failed to ensure other members of the BOP and/or FDC Philadelphia upheld that duty.

74. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96 witnessed an argument between Plaintiff and then unknown inmate, escalating into an attack on Plaintiff by said inmate and additional unknown inmates.

75. The previously unknown inmate ceased his attack on Plaintiff before Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96 arrived and approached Plaintiff and the previously unknown inmate who attacked Plaintiff.

76. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, ordered the previously unknown inmate to go to the Lieutenant's Office.

77. However, Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, failed to escort the previously unknown inmate to the Lieutenant's Office.

78. Instead of escorting the previously unknown inmate to the Lieutenant's Office, Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96 stood idly by and watched as said inmate did not go to the office, but instead returned to the common room, in full view of the Defendants, and proceeded to once again attack Plaintiff.

79. Several other previously unknown inmates joined in to attack Plaintiff.

80. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, returned to the common area, not with a sense of urgency required to adequately respond to the attack on Plaintiff, but at a nonchalant and disconcerting pace.

81. The previously unknown inmate(s) ceased the second attack on Plaintiff and put up his hands before Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, returned to the common room.

82. Not until after Plaintiff was yet again assaulted and the previously unknown inmate(s) ceased his second attack on Plaintiff did Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96,

escort the previously unknown inmate(s) off the unit, restrained them with handcuffs, and escort them to a holding cell to ensure the safety of Plaintiff and other inmates.

83. After Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, restrained and removed the previously unknown inmate(s), they then escorted the inmate(s) to the Lieutenant's Office.

84. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96, knew or had reason to know that Plaintiff's federal constitutional rights were being violated and had a realistic opportunity to intervene and prevent the violation of his rights and resulting harm from occurring but failed to do so.

85. The above-described actions of Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-96, and/or Correctional Officers John Doe 1-96 s, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**COUNT IV**
**COMMON LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF VACHO SHAHEN v. DEFENDANTS**

86. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

87. The actions of Defendants in their failure to protect Plaintiff from a repeated assault by fellow inmates, were outrageous and extreme. Defendants acted intentionally or recklessly, and their actions caused Plaintiff severe emotional distress that manifested itself in physical symptoms.

88. The actions of Defendants constituted the tort of Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania.

89. Under the common law, Defendants are liable for these actions.

## COUNT V
## COMMON LAW – NEGLIGENCE PLAINTIFF - VACHO SHAHEN v. DEFENDANTS

90. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

91. Defendants owed a duty of care to keep Plaintiff Shahen safe from attacks by other inmates. Their actions as described above violated that duty of care and were a direct and proximate cause and a substantial factor in Plaintiff's injuries as described above.

92. Defendants' actions constituted the tort of negligence under the laws of the Commonwealth of Pennsylvania.

93. Under the common law, Defendants are liable for these actions.

**WHEREFORE**, Plaintiff Vacho Shahen respectfully requests:

    A.  Compensatory and Punitive damages as to all individual Defendants;

    B.  Reasonable attorney's fees and costs as to all Defendants;

    C.  Such other and further relief as may appear just and appropriate.

Plaintiffs hereby demand a jury trial as to the claims asserted.


/s/ Alan E. Denenberg
Alan E. Denenberg
PA ID No. 54161
adenenberg@adlawfirm.com



Vazken A.E. Zerounian
PA ID No. 308846
vazken@adlawfirm.com

Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
215.546.1345
*Counsel for Plaintiffs*