IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VACHO SHAHEN : Plaintiff : : v. : : SPECIAL INVESTIGATIVE SERVICES : TECHNICIAN WILLIAM BRANDT : and : MATERIAL HANDLER SUPERVISOR : TROY DANIELS : and : HUMAN RESOURCE SPECIALIST : MICHAEL PLISAK : and : LIEUTENANT TIMOTHY G. FRONTINO : And : FEDERAL BUREAU OF PRISONS : EMPLOYEES JOHN DOE 1 – 96 : and : CORRECTIONAL OFFICERS : JOHN DOE 1 – 96 : : | CIVIL ACTION No. 2:21-cv-01397 |

SECOND AMENDED COMPLAINT

I. Introduction

1. This is an action for damages sustained by Plaintiff, Vacho Shahen, as a direct and proximate result of the acts and omissions committed by the Defendants named herein in violation of his constitutional rights under the Fifth Amendment and Due Process Clause to the United States Constitution and as a direct and proximate result of the intentional, reckless, negligent, and wrongful acts and omissions committed by the Defendants named herein.

2. Plaintiff files this Second Amended Complaint in accordance with Federal Rule of Civil Procedure 15 and this Court's Ordered Stipulation of June 29, 2021. (ECF 14).

## II. Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

4. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, within Philadelphia County, which is in the Eastern District of Pennsylvania.

5. Plaintiff has exhausted his administrative remedies to the relevant claims set forth herein in accordance with the Prison Litigation Reform Act and the applicable interpreting case law.

## III. Parties

6. Plaintiff, Vacho Shahen, is an adult individual presently residing at the Metropolitan Detention Center in Los Angeles, California, having been transferred there from the Federal Detention Center in Philadelphia ("FDC Philadelphia"), by way of the Federal Transfer Center in Oklahoma City, Oklahoma.

7. At all relevant times herein, Plaintiff was a pre-trial detainee awaiting trial at FDC Philadelphia.

8. Although a Naturalized United States Citizen, Plaintiff is not a native English speaker.

9. Upon information and belief, Plaintiff was not provided with any policies and procedures in English and/or any other language. (Pl.'s Resp. Def.'s Interrog. at ¶ 13).

10. Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers

John Doe 1-95 are adult individuals and at all relevant times were agents, servants, and employees of BOP and/or FDC Philadelphia acting within the course and scope of their authority as agents, servants, and employees of BOP and/or FDC Philadelphia.

11. Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers John Doe 1-95, as agents, servants, and employees of BOP and/or FDC Philadelphia, are and were at all relevant times, responsible for the protection of prisoners and pre-trial detainees.

12. Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers John Doe 1-95, as agents, servants, and employees of BOP and/or FDC Philadelphia, are and were at all relevant times required to respect and comply with the Constitutional rights of all federal prisoners and pre-trial detainees, as well as BOP and FDC Philadelphia rules, regulations, and other mandated duties.

13. Additionally, Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers John Doe 1-95, as agents, servants, and employees of BOP and/or FDC Philadelphia at all relevant times, are and were responsible for the supervision, direction, and control of all inmates and/or other employees at BOP and/or FDC Philadelphia.

14. Upon information and belief, Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers John Doe 1-95, deprived Plaintiff Shahen of his constitutional rights Fifth Amendment and were intentional, reckless, and/or negligent and wrongful in their acts and omissions towards Plaintiff and are being sued in their individual capacities.

15. Defendants, William Brandt, Troy Daniels, Michael Plisak, Timothy Frontino, Federal Bureau of Prisons Employees John Doe 1-95, and Correctional Officers John Doe 1-95 are herein referred to collectively as Defendants.

### IV. Operative Facts

16. Between his arrest on February 12, 2018, and his transfer to the Federal Transfer Center in Oklahoma City, OK, at all relevant times, Plaintiff Shahen was a non-violent pre-trial detainee, awaiting trial on a white-collar criminal case.

17. On or about March 24, 2019, Plaintiff was eating a bowl of cereal in the common are of Cellblock 5 North, when he was approached by inmate Germel Perkins. (USA000006; USA000017).

18. On or around 1306 EST, Perkins threatened Plaintiff Shahen and then without provocation, and in concert with Inmate Marquise Schaeffer, attacked him, hitting Plaintiff in his head and face. (USA000017; s*ee also* USA000006).

19. This assault took place in full view of nearby corrections officers, including but not limited to Defendant Daniels. (Pl.'s Resp. Def.'s Interr. at ¶¶ 1, 6-8).

20. The parties were separated and told the equivalent of "quash whatever beef they may have," by Defendant Daniels and/or John Doe Correctional Officers 1-96. *See* (Pl.'s Resp. Def.'s Interr. at ¶¶ 7-8; *cf.* USA000008).

21. This initial attack was caught on video[1] and verified by investigation. (USA000015 (finding that "SIS staff reviewed CCTV video surveillance of the incident and discovered

---

[1] Despite receiving a spoliation letter sent by counsel on April 4, 2019, and the complete video viewed by investigative staff including but not limited to Lt. Frontino, the FDC intentionally, knowingly, recklessly, and/or negligently destroyed the video. (Pl.'s Resp. Def.'s Interr. at ¶¶ 1, 6-10, 12).

inmates Perkins and Marquise Schaeffer… assault inmate Shahen prior to the fight mentioned above."); USA000016; *see also* USA000006).

22. Plaintiff told Defendant Daniels, who witnessed the entire incident and assisted in breaking up the attack, that he was threatened and attacked by Perkins. (Pl.'s Resp. Def.'s Interr. at ¶¶ 1, 6-8; *Cf.* USA000008).

23. After the first attack, upon separation, and in full view and earshot of the corrections officers, including but not limited to Defendant Daniels, Inmate Stinson or Inmate Schaeffer invited Plaintiff to his cell block to "discuss" the situation with Perkins, which Plaintiff declined.

24. After Plaintiff was assaulted by Schaeffer and Perkins, Schaeffer was allowed to return to his cell and Perkins is believed to have been taken to an unknown area within cellblock 5 North or left unsupervised and free to roam Cellblock 5 North. (USA000008; USA000016; Pl.'s Resp. Def.'s Interr. at ¶ 12).

25. Plaintiff continued to watch television.

26. At this point, Defendant Daniels and/or Defendants, witnessed and then broke up the first assault on Plaintiff, informed Plaintiff that the incident was caught on video, and that the supervisor was coming to the cellblock to discuss the incident.

27. Soon after, Perkins was told by Defendant Daniels that the Lieutenant saw the video of him attacking the Plaintiff and that he should collect his belongings, as he was being disciplined and sent to the Special Housing Unit ("SHU") for his attack on the Plaintiff. (USA000016; USA000017; (Pl.'s Resp. Def.'s Interr. at ¶ 12; *cf.* USA000008).

28. After informing Perkins about his forthcoming punishment, Defendant Daniels allowed Perkins to return to the common area in cellblock 5 North, **unescorted**. (USA000017; Pl.'s Resp. Def.'s Interr. at ¶ 12).

29. Then, Perkins, this time along with Inmate Stinson, proceeded to yet again violently attack Plaintiff. USA000016; USA000017 (quoting the assailant Gemel Perkins, "…the officer told me I was going down to the Lieutenant's Office and I knew I was going to the SHU so I figured I'm going to make it worth it now.").

30. This incident was witnessed by staff and caught on video. USA000002; USA000015.

31. As can be seen on the portion of the video that was properly preserved, despite the vicious attack on Plaintiff, Defendants, slowly and calmly walked onto the cellblock showing no sense of urgency to break up the vicious attack on Plaintiff.

32. As a result of the vicious attacks of March 24, 2019, Plaintiff needlessly suffered both physical and psychological symptoms including without limitation, Fracture(s) of his nose and eye, TMJ, Lacerations, Concussion, Insomnia, Depression, and Anxiety.

33. Plaintiff required and will continue to require medical treatment for his physical, mental, emotional, and psychological injuries for the foreseeable future.

34. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Plaintiff Shahen was caused to sustain and will continue to suffer from serious physical injuries, including without limitation:

   a. A left maxillary sinus comminuted fracture of the posterior and anterior tables;

   b. A fracture of his left orbital floor;

   c. An acute bilateral Temporomandibular Joint, or TMJ, injury;

   d. Two significant head lacerations requiring six (6) staples;

    e.   Lacerations near his eye requiring stitches;

    f.   Concussion;

    g.   Blurry Vision; Headaches;

    h.   Two black eyes;

    i.   Insomnia;

    j.   Depression; and

    k.   Fear and Anxiety regarding his safety.

35. Defendants, with first-hand knowledge of the violent threats made against Plaintiff and the substantial risk of serious harm faced by Plaintiff at the hands of this unknow inmate and his associates, intentionally, with deliberate indifference, recklessly, and/or negligently failed to transfer Plaintiff Shahen and/or the unknown inmate(s) from cellblock 5 North and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

36. Defendants intentionally and/or recklessly disregarded the substantial risk of serious harm faced by Plaintiff Shahen, in remaining in close proximity to his assailant, acted with deliberate indifference to Plaintiff's health and safety and presented a substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

37. Upon information and belief, the BOP had a standard, mandatory policy, known to the Defendants, that when an inmate at the FDC informed BOP personnel that he had been threatened by another inmate with physical attack or the attack was witnessed by BOP personnel, the aggressor was to be separated from the inmate who made the threat(s), at least until the allegation and/or threats had been properly and thoroughly investigated.

38. Defendants and other correctional officers assigned to cellblock 5 North violated this mandatory, non-discretionary policy of the BOP and FDC when, on March 24, 2019, Defendants allowed Plaintiff to remain in the common area with his assailant and the assailant's associates, after Plaintiff warned Defendants, or Defendants otherwise learned, that this inmate(s) had threatened and assaulted Plaintiff.

39. Plaintiff requested a transfer. USA000017.

40. The investigation of the FDC concluded that the inmates should be housed separately. USA000017.

41. Plaintiff was housed separately from the others after the second attack.

**COUNT I**
**FEDERAL CONSTITUTIONAL CLAIM – FAILURE TO PROTECT AND/OR INTERVENE PLAINTIFF VACHO SHAHEN v. DEFENDANTS**

42. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

43. Defendants witnessed the initial attack on Plaintiff and knew of the substantial risk of serious harm faced by Plaintiff and failed to take required actions for his safety and well-being by properly separating and/or restraining ore preventing the assailant/aggressors from attacking Plaintiff Shahen a second time.

44. Defendants acted with intent to allow Plaintiff to be harmed, deliberate indifference to Plaintiff's health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff by not separating Plaintiff from his assailants.

45. Defendants acted with intent to allow Plaintiff to be harmed, were deliberately indifferent to Plaintiff's health and safety, and/or recklessly disregarded the substantial risk of serious

harm to Plaintiff by placing and/or keeping Plaintiff in a position of danger as a result of which he was physically assaulted and severely beaten.

46. Despite Defendants' knowledge of the substantial risk of serious harm faced by Plaintiff in remaining on Cellblock 5 North and/or returning his assailant to Cellblock 5 North, Defendants with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm faced by Plaintiff, failed to transfer him and/or his assailant(s) from Cellblock 5 North, and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

47. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, on March 24, 2019, Plaintiff Shahen was brutally attacked by multiple inmates.

48. Defendants intentionally and/or recklessly failed to prevent, stop, or effectively intervene in the March 24, 2019, attack by Plaintiff's fellow Cellblock 5 North inmates, despite Defendants initially witnessing and intervening, and thereby acted with intent to harm Plaintiff, deliberate indifference to his health and safety, and/or reckless disregard of the substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

49. Defendants acted with deliberate indifference when they failed to act with any urgency in stopping the brutal attack on Plaintiff Shahen. Indeed, Defendants can be seen walking at a leisurely pace, almost meandering, to "break-up" the attack on Plaintiff.

50. As a direct and proximate result of the intentional and/or reckless disregard by Defendants of the substantial risk of serious harm faced by Plaintiff and such Defendants' deliberate

indifference to Plaintiff's health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, Plaintiff suffered, and will continue to suffer from, severe, and permanent physical, mental, emotional, and psychological injuries, as specifically enumerated above.

51. The actions and omissions of Defendants were intentional, deliberate, knowing, willful, wanton, malicious, and outrageous, shock the conscience, and were performed with the specific intent of allowing Plaintiff to be harmed, in reckless disregard of the substantial risk of serious harm faced by Plaintiff, and in deliberate indifference to his health and safety, in violation of Plaintiff's substantive due process rights under the Fifth Amendments to the United States Constitution, thereby entitling Plaintiff to an award of punitive damages.

**COUNT II**
**FEDERAL CONSTITUTIONAL CLAIM - SUPERVISOR LIABILITY**
**PLAINTIFF VACHO SHAHEN v. DEFENDANTS WILLIAM BRANDT, MICHAEL PLISAK, TIMOTHY FRONTINO, FEDERAL BUREAU OF PRISONS EMPLOYEES JOHN DOE 1-95, AND/OR CORRECTIONAL OFFICERS JOHN DOE 1-95**

52. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

53. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, were present on scene as Senior Members of BOP and/or FDC Philadelphia.

54. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, were aware that other inmates threatened and/or attacked Plaintiff, and that correctional officers under their supervision had responded to the situation.

55. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, became aware that the correctional officers under their supervision failed to adequately respond to the attack on Plaintiff by the other inmates.

56. Plaintiff sustained further injuries due to the inadequate and lackadaisical response by correctional officers under the supervision of Defendants Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95 .

57. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their supervision to ensure those officers prevent inmates from threatening and/or assaulting other inmates, and/or from instigating inmate-on-inmate violence.

58. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their direction and control to ensure those officers appropriately intervene and/or deescalate a situation where inmates threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence.

59. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their direction and control to ensure those officers properly respond when

inmates threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence, as it occurs to prevent further harm.

60. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow adequate training, supervision, and/or discipline of correctional officers under their direction and control to ensure those officers properly separate and apprehend inmates who threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence.

61. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to prevent inmates from threatening and/or assaulting other inmates, and/or initiating inmate-on-inmate violence.

62. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to investigate possible/known criminal affiliations among inmates.

63. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to prevent inmates with possible/known criminal affiliations from congregating in common areas within the prison.

64. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to allow inmates with possible/known criminal affiliations to congregate with the intent to commit criminal acts, specifically threatening and/or assaulting other inmates, and/or instigating inmate-on-inmate violence.

65. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to intervene in/deescalate inmates' threats towards and/or assaults on other inmates, and/or intervene in/deescalate inmate-on-inmate violence effectively and immediately.

66. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to respond to inmates' threats towards and/or assaults on other inmates, and/or to respond to inmate-on-inmate violence, as it occurs to prevent further harm.

67. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to maintain, adopt, enforce, and/or follow appropriate policies, procedures, practices, and/or customs for correctional officers under their supervision to immediately separate and apprehend inmates

who threaten and/or assault other inmates, and/or instigate inmate-on-inmate violence, to prevent further harm.

68. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, directed correctional officers under their control to engage in conduct that violated Plaintiff's federal constitutional rights.

69. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, knew, or reasonable should have known, that the actions of the correctional officers under their direction and control violated Plaintiff's federal constitutional rights.

70. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, caused the above-described conduct when the correctional officers under their direction and control violated Plaintiff's federal constitutional rights.

71. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, acquiesced the above-described conduct because the Supervisory Defendants had authority over the correctional officers under their direction and control, and had actual knowledge that the correctional officers under their supervision, direction, and control violated Plaintiff's federal constitutional rights.

72. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, with deliberate indifference to the consequences, established the above-described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs which directly caused the conduct which violated Plaintiff's federal constitutional rights.

73. Defendants, Timothy Frontino, William Brandt, Michael Plisak, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, present as senior and/or supervisory members of BOP and/or FDC Philadelphia, should have maintained, adopted, enforced, and/or followed the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs to prevent the occurrence of the above-described conduct which violated Plaintiff's federal constitutional rights.

74. The Supervisory Defendants failed to maintain, adopt, enforce, and/or follow the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs which created an unreasonable risk of the above-described conduct.

75. The Supervisory Defendants were aware that this unreasonable risk existed.

76. The Supervisory Defendants were deliberately indifferent to that risk.

77. The correctional officers' above-described actions resulted from the Supervisory Defendants' failure to maintain, adopt, enforce, and/or follow the existing and/or described trainings, supervision, disciplinary actions, policies, procedures, practices, and/or customs to prevent the unreasonable risk.

78. The Supervisory Defendants maliciously, intentionally, and/or recklessly, and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

79. The above-described actions of the Supervisory Defendants, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being.

## COUNT III
## FEDERAL CONSTITUTIONAL CLAIM - BYSTANDER LIABILITY
## PLAINTIFF VACHO SHAHEN v. DEFENDANTS WILLIAM BRANDT, MICHAEL PLISAK, TROY DANIELS, FEDERAL BUREAU OF PRISONS EMPLOYEES JOHN DOE 1-95, AND/OR CORRECTIONAL OFFICERS JOHN DOE 1-95

80. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

81. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, were present when Plaintiff's federal constitutional rights were being violated.

82. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, had a duty to intervene and protect Plaintiff and his federal constitutional rights, but failed to do so.

83. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, had a duty to intervene and protect Plaintiff and his federal constitutional rights, but failed to ensure other members of the BOP and/or FDC Philadelphia upheld that duty.

84. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95  witnessed an

16

argument between Plaintiff and then unknown inmate, escalating into an attack on Plaintiff by said inmate and additional unknown inmates.

85. The previously unknown inmate ceased his attack on Plaintiff before Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95  arrived and approached Plaintiff and the previously unknown inmate who attacked Plaintiff.

86. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, ordered the previously unknown inmate to go to the Lieutenant's Office.

87. However, Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, failed to escort the previously unknown inmate to the Lieutenant's Office.

88. Instead of escorting the previously unknown inmate to the Lieutenant's Office, Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95  stood idly by and watched as said inmate did not go to the office, but instead returned to the common room, in full view of the Defendants, and proceeded to once again attack Plaintiff.

89. Several other previously unknown inmates joined in to attack Plaintiff.

90. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, returned to the common area, not with a sense of urgency required to adequately respond to the attack on Plaintiff, but at a nonchalant and disconcerting pace.

91. The previously unknown inmate(s) ceased the second attack on Plaintiff and put up his hands before Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, returned to the common room.

92. Not until after Plaintiff was yet again assaulted and the previously unknown inmate(s) ceased his second attack on Plaintiff did Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, escort the previously unknown inmate(s) off the unit, restrained them with handcuffs, and escort them to a holding cell to ensure the safety of Plaintiff and other inmates.

93. After Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, restrained and removed the previously unknown inmate(s), they then escorted the inmate(s) to the Lieutenant's Office.

94. Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95, knew or had reason to know that Plaintiff's federal constitutional rights were being violated and had a realistic opportunity to intervene and prevent the violation of his rights and resulting harm from occurring but failed to do so.

95. The above-described actions of Defendants, William Brandt, Michael Plisak, Troy Daniels, Federal Bureau of Prisons Employees John Doe 1-95, and/or Correctional Officers John Doe 1-95  s, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

## COUNT IV
## COMMON LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF VACHO SHAHEN v. DEFENDANTS

96. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

97. The actions of Defendants in their failure to protect Plaintiff from a repeated assault by fellow inmates, were outrageous and extreme. Defendants acted intentionally or recklessly, and their actions caused Plaintiff severe emotional distress that manifested itself in physical symptoms.

98. The actions of Defendants constituted the tort of Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania.

99. Under the common law, Defendants are liable for these actions.

## COUNT V
## COMMON LAW – NEGLIGENCE PLAINTIFF - VACHO SHAHEN v. DEFENDANTS

100.    All preceding paragraphs are incorporated by reference as if fully set-forth herein.

101.    Defendants owed a duty of care to keep Plaintiff Shahen safe from attacks by other inmates. Their actions as described above violated that duty of care and were a direct and proximate cause and a substantial factor in Plaintiff's injuries as described above.

102.    Defendants' actions constituted the tort of negligence under the laws of the Commonwealth of Pennsylvania.

103.    Under the common law, Defendants are liable for these actions.

**WHEREFORE**, Plaintiff Vacho Shahen respectfully requests:

      A.  Compensatory and Punitive damages as to all individual Defendants;

      B.  Reasonable attorney's fees and costs as to all Defendants;

      C.  Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial as to the claims asserted.

Vazken A.E. Zerounian
PA ID No. 308846
vazken@hgsklawyers.com

**Haggerty, Goldberg, Schleifer &
Kupersmith, P.C.**
1801 Market Street, Suite 1100
Philadelphia, PA  19103
267.350.6600

*Counsel for Plaintiff*

/s/ Alan E. Denenberg
Alan E. Denenberg
PA ID No. 54161
adenenberg@adlawfirm.com

**Abramson and Denenberg, P.C**
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
215.546.1345